UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ART GRANT,

                    Plaintiff,

            -against-

Detective RASHAN LACOSTE, Shield No. 2285; Detective PETER HOEFLINGER, Shield No. 3870; Undercover Police Officer, No. C-0075; Undercover Police Officer, No. C-00251; Sergeant FRITZ GLEMAUD, Shield No. 3224; Detective VIRGIL CUMBERBATCH, Shield No. 5766; Detective VINCENT TIERNAN, Shield No. 21213; Police Officer GABRIEL ECHEVARRIA, Shield No. 28489; Undercover Police Officer, No. C-0115; and Police Officers JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                    Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

12 CV 3547 (ENV) (LB)

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Art Grant ("plaintiff" or "Mr. Grant") is a resident of Kings County in the City and State of New York.

7. Defendant Detective Rashan Lacoste, Shield No. 2285 ("Lacoste"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Lacoste is sued in his individual and official capacity.

8. Defendant Detective Peter Hoeflinger, Shield No. 3870 ("Hoeflinger"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Hoeflinger is sued in his individual and official capacity.

9. Defendant Undercover Officer # C-0075 ("UC C-0075") at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not know the real name or shield number of UC C-0075. UC C-0075 is sued in his or her individual and official capacities.

10. Defendant Undercover Officer # C-00251 ("UC C-00251") at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not know the real name or shield number of UC C-00251. UC C-00251 is sued in his or her individual and official capacities.

11. Defendant Sergeant Fritz Glemaud, Shield No. 3224 ("Glemaud"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Glemaud is sued in his individual and official capacity.

12. Defendant Detective Virgil Cumberbatch, Shield No. 5766 ("Cumberbatch"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Cumberbatch is sued in his individual and official capacity.

13. Defendant Detective Vincent Tiernan, Shield No. 21213 ("Tiernan"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Tiernan is sued in his individual and official capacity.

14. Defendant Police Officer Gabriel Echevarria, Shield No. 28489 ("Echevarria"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Echevarria is sued in his individual and official capacity.

15. Defendant Undercover Officer # C-0115 ("UC C-0115") at all times relevant herein, was an officer, employee and agent of the NYPD. Plaintiff does not

know the real name or shield number of UC C-0115. UC C-0115 is sued in his or her individual and official capacities.

16. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

17. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

18. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

19. At approximately 5:30 p.m. on November 9, 2011, plaintiff was lawfully leaving his apartment building at 40 Glenmore Avenue in Brooklyn, New York.

20. Once outside of his building, defendant officers stopped plaintiff and asked if he lived in the building, to which plaintiff responded yes.

21. Defendants demanded plaintiff's identification.

22. Plaintiff complied and provided defendants with his identification.

23. Without reasonable suspicion or probable cause that plaintiff had engaged in any unlawful activity, defendants proceeded to search plaintiff on the street.

24. No contraband was recovered from plaintiff.

25. Plaintiff was handcuffed.

26. Plaintiff was taken to a police precinct.

27. At the precinct, plaintiff was strip searched, including being directed to bend, squat and cough.

28. Approximately 24 hours later plaintiff was transported to Brooklyn Central Booking.

29. The officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff in possession of a controlled substance; engaged in the sale of a controlled substance; and engaged in tampering with physical evidence.

30. The officers had not observed plaintiff in possession of a controlled substance, engage in the sale of a controlled substance or tamper with physical evidence.

31. Following arraignment and because plaintiff was unable to make bail, Mr. Grant was taken to Rikers Island.

32. After being held for approximately six days on Rikers Island, a grand

jury returned a no true bill, all charges were dismissed, and plaintiff was released.

33. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

42. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Malicious Prosecution

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

45. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of Mr. Grant constituted malicious prosecution in that

there was no basis for his arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

46. As a direct and proximate result of defendants' unlawful actions, Mr. Grant has suffered, and will continue to suffer, damages, including mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. The individual defendants created false evidence against plaintiff.

49. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

50. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

51. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore allege.

## **SIXTH CLAIM**
**Failure to Intervene**

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

54. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

55. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   January 7, 2013
         New York, New York

                                HARVIS WRIGHT
                                SALEEM & FETT LLP

                                _____
                                Gabriel P. Harvis
                                305 Broadway, 14th Floor
                                New York, New York 10007
                                (212) 323-6880
                                gharvis@hwsflegal.com

                                *Attorney for plaintiff*